Staples J.
delivered the opinion of the court.
The court is of opinion that the deed of trust executed by Womack, the principal debtor, on the 29th May 1862, did not discharge the appellants from their liability as sureties upon the bond due the appellee Logan. By the terms of the deed Womack was permitted to retain possession of the property for two years, upon condition of paying the interest annually upon the debts secured. The effect of this arrangement was, that upon performance of the condition, no sale of the property could be made under the deed until after the expiration of two years. The debtor having failed to pay the interest, the parties were left in the same situation and with the same rights and obligations, as if the agreement to extend the time had never been made. Norris v. Crummy, 2 Rand. 234.
It was argued, however, that although the debtor *206 failed to comply with the terms upon which indulgence was granted, he was nevertheless entitled to one whole year to make the first payment of interest; and as he was in no default till the end of the year, the appellee Logan during the intervening period was prevented from enforcing the collection of his debt. It will be observed, however, that the agreement operated only to postpone a sale of the property under the deed of trust—the deed being a mere collateral security for the debt. It did not tie up the .hands of the creditor for a single moment from pursuing the debtor at law. The appellee might have sued and recovered judgment notwithstanding the deed. If the appellee had sued out and levied an execution upon the property embraced in the deed, he might thereby have forfeited the benefit of that security or subjected himself to an action for damages; but a court of equity would not interfere to prevent a sale of personal property under an execution, upon a mere contract to pay interest, as stipulated in the déed; more especially if the effect of such interference would be to release the sureties from all liability.
But if it be conceded that the agreement operated as an extension of the time of payment of the debt, still it did not have the slightest effect upon the rights •and remedies or obligations of any of the parties. Under the provisions of the act of 29th March 1862, generally known as the stay law, no writ of elegit, fieri facias or venditioni exponas could be issued while that ■act remained in force. Whatever may now be said in ■respect to the constitutionality of this law, the creditor was under no obligation to the sureties to raise that question. Had they notified him to institute suit against the principal, and prosecute it with due diligence to judgment and by execution, the appellee *207 might have recovered judgment; hut no one can doubt what would have been the result of an effort to enforce the collection of the debt by execution. The appellee was therefore as effectually precluded by the statute from making his money by legal process as he would have been had the courts been closed during the existence of the war. The principle upon which an agreement for an extension of time discharges the surety is, that the creditor thereby deprives the surety of the means of relieving himself by paying the debt and proceeding immediately against the principal, or by filing his bill quia timet to compel the debtor to pay the debt, or by notice to the creditor under the statute. Neither of these remedies would have been available, even though the deed of trust had never been executed. It would be a grievous injustice to hold the sureties discharged by an act which in no manner affected their rights or impaired the remedies of the creditor. If authority on this point is necessary, it may be found in the case of Price v. Edmonds, 10 Barn. & Cress. 578; Harnsberger’s ex’or v. Geiger’s adm’r, 3 Gratt. 144.
The court is further of opinion that the appellants, whose liability as sureties is confined to the three thousand dollar bond, have no just cause of complaint with the scale of depreciation applied to the seven thousand and five hundred dollar bond, for which they are not bound. The adjustment seems to have been .just and fair in itself: it received the sanction of the ■debtor and the assignees in bankruptcy, and was approved and confirmed by the District court of the United States.
The appellee, in receiving the amount thus ascertained to he due, has not lost, or in any manner im *208 paired, Ms remedies upon the bond for which the appellants are bound as sureties.
The court is further of opinion, that the appellee cannot be held liable for any error, if such there be, in the decree of the Bankrupt court, allowing Womack the exemption claimed by him, or assigning to his wife-two hundred acres of land by way of compensation for her contingent right of dower. These were acts, of a court of competent jurisdiction, having cognizance of the parties and the subject-matter. It must be presumed, at least until the contrary appears, that the decrees and orders were fairly made with due regard for the interests of all parties. The extent of the appellee’s participation in the arrangement, allowing the exemption and assignment, was the withdrawal of his opposition to the decree of the court sanctioning the same. If any injustice has been done the appellants, or others interested in' the estate of Womack, the remedy is not in the state courts.
The court is further of opinion, that the appelleesare not entitled to any abatement or deduction by reason of anything done by the appellee in respect to the supposed judgment for three hundred dollars. All that appears in the record in regard to that judgment,, beyond the averments of the bill, is what is found in the answer of the appellee. It is there stated that a judgment was recovered against Womack for two years’ interest on the three thousand dollar bond; but no execution was ever levied on his property, he having previously gone into bankruptcy: the amount of the judgment was however paid by the appellants, and credit given accordingly. This statement being responsive to the bill must be taken as true.
It seems, however, that a judgment was recovered *209 against Womack for four hundred and fifty dollars, interest upon the seven thousand and five hundred dollar bond, execution issued and levied upon his property. This property was released by order of the appellee. The reason he assigns, and it is sustained by the evidence, is that the judgment was rendered upon an insufficient notice, and the defendant was taking steps to vacate the judgment and quash the execution. The appellee being satisfied that such would he the result, released the lien of the execution. This he had the right to do. He was under no obligation to persist in a hopeless controversy, because the effect of the release might ultimately be to withdraw a part of the trust fund pledged to the security debt. If the appellants have sustained any loss from this cause, the appellee cannot be made liable for it.
Upon the whole there is no error in the decree, and it must be affirmed.
Decree aerirmed.